1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

2  Name: _Huynh_ _Tri_ _H._

3      (Last)        (First)        (Middle Initial)

4  Prisoner Number: _G46762_

5  Institutional Address: _Salinas Valley State Prison_
       _31625 Highway 101_
6      _Soledad, CA 93960_

7  ═══════════════════════════════════════════

8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10 _Tri Huu Huynh_                    )
   (Enter your full name.)            )
11              _Plaintiff,_          )
            vs.                       )
12                                    )   Case No. _____
   _California Department of Corrections_ )   (Provided by the clerk upon filing)
13                                    )
   _and Rehabilitations (CDCR), et. al,_ )   COMPLAINT UNDER THE
14                                    )   CIVIL RIGHTS ACT,
              _Defendants._           )   42 U.S.C. § 1983
15 (Enter the full name(s) of the defendant(s) in this action.) )   _DEMAND FOR JURY TRIAL._
                                      )
16

17 **I. Exhaustion of Administrative Remedies.**

18 _Note:_ _You must exhaust available administrative remedies before your claim can go_
          _forward. The court will dismiss any unexhausted claims._
19

20 A.  Place of present confinement _Salinas Valley State Prison._

21 B.  Is there a grievance procedure in this institution?   YES ☒   NO ☐

22 C.  If so, did you present the facts in your complaint for review through the grievance

23     procedure?   YES ☒   NO ☐

24 D.  If your answer is YES, list the appeal number and the date and result of the appeal at each

25     level of review.  If you did not pursue any available level of appeal, explain why.

26        1. Informal appeal: _i)CDCR 22 dated January 26, 2017; ii) "Note: Hand-_

27     _written Copy" of plaintiff's CDCR 602 from the Prison Law Office that_

28     _was forwarded to the Office of the Inspector General that was faxed to SVSP._

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of **17**

2. First formal level: _N/A_

3. Second formal level: _N/A_

4. Third formal level: _N/A_

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES ☒        NO ☐

F.   If you did not present your claim for review through the grievance procedure, explain why.

_SUSP-L-17-03020 was never processed so it was never issued a log number because defendants in the Appeals Coordinators' Office claims they never received plaintiffs' original CDCR 602._

## II.   Parties.

A.   Write your name and present address.  Do the same for additional plaintiffs, if any.

_Tri Huu Huynh #646762_
_Salinas Valley State Prison, B2/203_
_P.O. Box 1050_
_Soledad, CA 93960_

B.   For each defendant, provide full name, official position and place of employment.

_1. Defendant, California Department of Corrections and Rehabilitations._

_2. Defendant, Salinas Valley State Prison (SVSP)._

_3. Defendant, W.L. Muniz, former Warden at SVSP. During his tenure he was legally responsible for the operation of SVSP, and for the welfare of all inmates at SVSP._

_4. Defendant, R. Binkele, former Chief Deputy Warden at SVSP. At all relevant times mentioned herein, he was legally responsible for assisting the_

Warden at SUSP with its operation.

5. Defendant, T. McCall, former Associate Warden/Prison Rape Elimination Act (PREA) Compliance Manager for CDCR. At all relevant times mentioned herein, he was legally responsible to developing PREA Standards, and for assisting the Warden at SUSP with the operation of SUSP.

6. Defendant, T.T. Ortega is a Correctional Lieutenant for CDCR. At all relevant times mentioned herein, he or she was an Assistant PREA Compliance Manager at SUSP.

7. Defendant, R. Sullivan, Captain at SUSP's Facility B, current Associate Warden for CDCR. At all relevant times mentioned herein, he was legally responsible for assisting the Warden at SUSP with its operation.

8. Defendant, E. Medina, former Correctional Counselor II Appeals Coordinator for CDCR. At all relevant times mentioned herein, he was legally responsible for assisting the Warden of SUSP with its appeals process.

9. Defendant, C. Martella, Appeals Coordinator/AGPA for CDCR. At all relevant times mentioned herein, he or she was legally responsible for assisting the Warden at SUSP with its appeals process.

10. Defendant, V. Lomeli is an Appeals Coordinator for CDCR. At all relevant times mentioned herein, she was legally responsible for assisting the Warden at SUSP with its appeals process.

11. Defendant, Lietke is a retired Correctional Officer for CDCR, who at all relevant times mentioned herein was assigned to SUSP.

12. Defendant, Curiel is a Correctional Counselor for CDCR, who at all relevant times mentioned herein was assigned to SUSP.

13. Defendant, I. Pineda is a Correctional Officer for CDCR, who at all relevant times mentioned herein was assigned to SUSP.

14. Defendant, M. Ortega is a Correctional Officer, current Institution Gang Investigator for CDCR, who at all relevant times mentioned herein was as-

signed to SUSP.

15. Defendant, Jane Doe-1 is a Correctional Officer for CDCR, who at all relevant times mentioned herein was assigned to building One control tower.

16. Defendant, DOE-2 is a PREA Coordinator. At all relevant times mentioned herein, he or she was legally responsible to developing standard to comply with the PREA National Standard, 28 C.F.R. Part 115, and to create a safer environment for individuals in CDCRs' care.

17. Defendant, Jane Doe-3 is an Office Technician (OT) for CDCR, who at all relevant times mentioned herein was assigned to Facility B at SUSP.

18. Defendants DOES 4-20, are each responsible in some manner for the constitutional violations and damages to plaintiff alleged herein. The true names and capacities of defendants 4-20 are presently unknown to plaintiff. Many of the DOES were supervisors involved in policy-making decisions and are sued in their individual and official capacities. Plaintiff is informed and believes and therefore alleges on information and belief, that each of them is responsible in some manner for the constitutional violations and damages to plaintiff alleged herein. Plaintiff therefore sues DOES 4-20 by such fictitious names and will seek leave to amend this complaint to add their true names when the same have been ascertained.

19. Each defendant is sued individually and in his or her official capacity. Defendants, at all times mentioned herein acted under the color of California law.

### III.   Statement of Claim.

1. Plaintiff is a participant in the Mental Health Services at the Correctional Clinical Case Management (CCCMS) level of care.

2. On January 25, 2017 at 1417 hrs, a Jane Doe-1 in Facility B, building One control tower opened plaintiff's cell door unannounced.

3. Defendant M. Ortega and his partner, defendant I. Pineda

were awaiting in the front of plaintiff's cell #236 with a large trash container.

4. Plaintiff and his cellie at the time (Amandeep, Dhami #AZ 0474) were then instructed by defendants to come out of their cell, and to steps into Upper-B shower.

5. Defendant M. Ortega then slammed shut the shower door, locking plaintiff and his cellie inside, then pointing and pointing at plaintiff's face, "Is this the guy? Is this the guy?", as he asked his partner.

6. "Take off your shirts!", commanded defendant M. Ortega.

7. Defendant Lietke sat at the podium area watches everything.

8. Defendant Curiel was standing outside of the front of her office with her arms crossed across her chest observing it all.

9. "Lift up your nut sacks!... Turn around!... Bend over at the waist!... Spread your butt cheeks!... Cough! Cough!!", demanded M. Ortega.

10. "Put your clothes on", and with a satisfy look, defendant M. Ortega then smiled at plaintiff.

11. On January 25, 2017 at 1430 hrs, defendant M. Ortega conferred something to his partner, then he shouted downstair to defendant Lietke, "Lietke! Call Program! Tell them to shut dayroom down!"

12. On January 25, 2017 at 1440 hrs, "Dayroom recall", announced defendant Jane Doe-1 in the control tower.

13. On January 25, 2017 around 1500 hrs, "Control! Open Upper-B shower!" shouted defendant I. Pineda upon his completion of searching plaintiff's cell.

14. "Huynh, I'll give you a receipt later", said defendant I. Pineda.

15. On January 25, 2017 around 1900 hrs, "Here's your receipt. Where's your cellie? Does he wants us to search again? We can ya-know", said defendant M. Ortega to Dhami Amandeep while still loitering in the front of plaintiff's cell, looking pass Dhami Amandeep, and searching plaintiff out with his eyes like a sexual deviant, then defendant left to go into cell #228.

16. On January 26, 2017, plaintiff submitted a CDCR 22 to defendant

E. Medina asserting the psychological games that defendant plays that may go far beyond plaintiff's fears of physical consequences.

17. On January 27, 2017, plaintiff filled out a CDCR 602 alleging the Prison Rape Elimination Act (PREA), and Unethical Conducts by Staffs.

18. On February 11, 2017, plaintiff deposited the original CDCR 602 into building One's "Appeals" box.

19. On Monday February 13, 2017, at approximately 0920 hrs, a Jane Doe-3 signed, logged, and collected all of the CDCR 602s' that was deposited into building One's "Appeals" box.

20. On February 28, 2017, plaintiff mailed to Laura Graham at the Prison Law Office a "Note: Handwritten Copy" of this original CDCR 602.

21. But somehow, someway, the Appeals Coordinators' (ACs') Office never received plaintiff's original CDCR 602.

22. The Appeals Coordinators' (ACs') Office never processed plaintiff's original CDCR 602, so the 602 was never issued a log number.

23. Defendants M. Ortega, I. Pineda, Lietke, Curiel, and Jane Doe-1 have no legitimate penological interest in the unreasonable searches and seizures of plaintiff.

24. Defendants have no legitimate penological interest in the unreasonable searches and seizures that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

25. Defendants have no legitimate penological interest in the unreasonable strip-search of plaintiff that was conducted by, and in view of Correctional Officers of the opposite gender.

26. Defendant M. Ortega, I. Pineda, Lietke, Curiel, and Jane Doe-1 have no legitimate penological interest in the unreasonable strip-search of plaintiff that was conducted during lower-tier dayroom's privileged hour.

27. Defendants have no legitimate penological interest in the invasive visual

body cavity searches of plaintiff.

28. Defendants have no reasonable justification for the invasions of plaintiff's bodily privacy the searches involve.

29. Defendants have no reasonable justification for policy and practices of conducting unreasonable searches that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

30. There is objectively serious harm and risk of harm to plaintiff.

31. Direct evidence of defendants' intent is provided by defendants' participation in the unreasonable strip-search of plaintiff that was conducted by, and in view of Correctional Officers of the opposite gender.

32. Direct evidence of defendants' intent is provided by defendants M. Ortega's, I. Pineda's, Lietke's, Curiel's, and Jane Doe-1's participation in the unreasonable searches that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

33. Direct evidence of defendants' intent is provided by defendants' participation in the unreasonable strip-search of plaintiff that was conducted during lower-tier dayroom's privileged hour.

34. Direct evidence of defendants' intent is provided by defendants M. Ortega's, I. Pineda's, Lietke's, Curiel's, and Jane Doe-1's participation in the unreasonable invasions of plaintiff's bodily privacy the searches involve.

35. Direct evidence of defendant's intent is provided by defendants' participation in the invasive visual body cavity searches of plaintiff.

36. Direct evidence of defendants' intent is provided by defendants' policy and practices of conducting unreasonable searches that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

37. Defendants M. Ortega, I. Pineda, Lietke, Curiel, and Jane Doe-1 have maliciously and sadistically sexually abuse plaintiff when no legitimate penological interest existed for the unreasonable searches and seizures that

was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

38. Circumstantial evidence of defendants' state-of-mine is provided by the absence of any reliable evidence to justify the strip-search of plaintiff.

39. Circumstantial evidence of defendants' state-of-mine is provided by the absence of any reliable evidence to justify the practices and policy of conducting unreasonable searches by, and in view of Correctional Officers of the opposite gender.

40. Circumstantial evidence of defendants' state-of-mine is provided by the absence of any reliable evidence to justify the practices and policy of conducting unreasonable searches during lower-tier dayroom's privileged hour.

41. Further circumstantial evidence of defendants' state-of-mine is provided by the absence of any reliable evidence to justify the practices and policy of conducting unreasonable searches and seizures that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

42. Further circumstantial evidence of defendants' state-of-mine is provided by: a) Defendant M. Ortega's statement, "I'll ke! Call Program! Tell them to shut dayroom down!";

b) Defendant Jane Doe-1's announcing, "Dayroom recall";

c) Defendant I. Pineda's statement, "Control! Open Upper-B shower!";

d) Defendant Jane Doe-3 signed, logged, and collected the CDCR 602s' that was deposited into building One's "Appeals" box;

e) Defendants in the AC's' Office never processed plaintiff's original CDCR 602;

f) Defendants W.L. Muniz's, R. Binkele's, P. Sullivan's, J.I. Ortega's, E. Medina's, J. McCall's, DOE-2's failure to train subordinates Correctional Officers to prevent the ongoing unreasonable strip-search of plaintiff.

43. Supervisory defendants training practices and policy of participation by Correctional Officers of the opposite gender to view, supervise, and conduct strip-

searches of plaintiff perpetuate the sexual abuse of plaintiff.

44. Defendants are deliberately indifferent to plaintiff's physical and psychological health despite their knowledge that plaintiff is an individual with disabilities.

45. Defendants are deliberately indifferent to plaintiff's physical and psychological health despite their knowledge that sexual abuse in custody has legal consequences as well as long-lasting emotional, mental, economic, and physical effects for plaintiff.

46. Defendants are deliberately indifferent to plaintiff's physical and psychological health despite their knowledge that sexual abuse in custody compromised the safety and security of inmates, staffs, and the community at large.

47. Defendants are aware of the power-dynamics that Correctional Officers and staff's have as a result of their job, over plaintiff's lives. And just because plaintiff do not fight off the Correctional Officers does not mean that he consented to the sexual abuse or are at fault.

48. Defendants are aware of the dynamics of sexual abuse in custody by a staff person or employees, can happen to any inmate regardless of age, race, sexual orientation, or gender. Victims are not to blame for their sexual abuse.

49. Defendants are aware of the destructive impact of being a survivor of sexual abuse and being in a custodial setting is difficult. The impacts of being incarcerated and being a survivor are: i) More likely to experience physical trauma; ii) Systemic infliction of psychological trauma; iii) Retaliation and Retribution; iv) Feelings of disorientation and anxiousness may make people unable to follow rules; v) Lack of autonomy and safety; vi) General distrust of staff, the reporting structure, investigations and prosecutions of crimes; vii) Sharing or talking about feelings may be a safety risk for an inmate; viii) May question sexual identity and preference; ix) Increased anger may cause acting out; x) Complex nature of "consent" can lead to self-blame.

50. Defendants are aware of the destructive impact of being a survivor of sexual abuse in custody and being a vulnerable person is difficult.

51. As a result of the sexual abuse, plaintiff suffers change in sleep patterns, change in appetite, decreased ability to concentrate, and lack of energy.

52. As a result of the sexual abuse, plaintiff suffers change in feeling helplessness, disbelief, shame, guilt, fear, depression, anxiety, and withdrawal.

53. Defendants or more than one of them have a history of a consistent pattern of deliberate, willful indifference of the constitutional rights of prisoners.

54. Defendants have a custom and policy of maintaining a Code of Silence, an unwritten but widely understood set of rules and values that staffs develop to encourage prison employees and correctional staffs to remain silent regarding the improper behavior of their fellow employees and staffs.

55. As a result of their failure to train subordinates and their active opposition to investigations of wrongdoings by Correctional staffs and employees, supervisory defendants have ratified and perpetuate this culture and policy.

## IV.   Legal Claim.

### First Cause of Action.

56. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

57. Defendants have violated plaintiff's rights guaranteed by the Fourth Amendment to the U.S. Constitution that forbids Correctional Officers from conducting unreasonable searches that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff. There was no legitimate penological interest in the unreasonable searches that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

### Second Cause of Action

58. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

59. Defendants have violated plaintiff's rights guaranteed by the Fourth

Amendment to the U.S. Constitution's prohibition against the unreasonable strip-search of plaintiff that was conducted by and in view of Correctional Officers of the opposite gender. There was no legitimate penological interest in the unreasonable strip-search of plaintiff that was conducted by, and in view of Correctional Officers of the opposite gender.

### Third Cause of Action

60. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

61. Defendants have violated plaintiff's rights guaranteed by the Fourth Amendment to the U.S. Constitution's prohibition against the unreasonable strip-search of plaintiff that was conducted during lower-tier dayroom's privileged hour.

### Fourth Cause of Action

62. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

63. Defendants have violated plaintiff's rights guaranteed by the Fourth Amendment to the U.S. Constitution that forbids the invasive visual body cavity searches of plaintiff. There was no legitimate penological interest in the invasive visual body cavity searches of plaintiff.

### Fifth Cause of Action

64. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

65. Defendants have violated plaintiff's rights guaranteed by the Fourth Amendment to the U.S. Constitution that protects against any invasions of plaintiff's bodily privacy the searches involves. There was no reasonable justification for the invasions of any of plaintiff's bodily privacy the searches involves.

### Sixth Cause of Action

66. Plaintiff realleges and incorporates by reference the allegations con-

tained in all previous paragraphs of this complaint.

67. Defendants have violated plaintiff's rights guaranteed by the Fourth Amendment to the U.S. Constitution that forbids government from conducting unreasonable searches and seizures. There was no reasonable justification for the government to conduct the unreasonable searches and seizures of plaintiff.

## Seventh Cause of Action.

68. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

69. Defendants have violated plaintiff's rights guaranteed by the Fourth Amendment to the U.S. Constitution that protects against governmental policy and practices of conducting unreasonable searches and seizures that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff. There was no reasonable justification for governmental policy and practices of conducting unreasonable searches and seizures that was used to intimidate, harass, and to inflicts psychological trauma to plaintiff.

## Eighth Cause of Action.

70. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

71. Defendants have violated plaintiff's rights guaranteed by the Eighth Amendment to the U.S. Constitution's prohibition against cruel and unusual punishment. Defendants are deliberately indifferent to plaintiff's physical and psychological health despite their knowledge that sexual abuse in custody has legal consequences, as well as long-lasting emotional, mental, economic, and physical effects for plaintiff.

## Ninth Cause of Action.

72. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

73. Defendants have violated plaintiff's rights guaranteed by the Eighth Amendment to the U.S. Constitution's prohibition against cruel and unusual punish-

ment. Defendants are deliberately indifferent to plaintiff's physical and psychological health despite their knowledge that sexual abuse in custody compromises the safety and security of inmates, staffs, and the community at large.

### Tenth Cause of Action

74. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

75. Defendants have violated plaintiff's rights guaranteed by the Eighth Amendment to the U.S. Constitution's prohibition against cruel and unusual punishment. Defendants are deliberately indifferent to plaintiff's physical and psychological health despite their knowledge that being a survivor of sexual abuse in custody and being a vulnerable person is difficult for plaintiff.

### Eleventh Cause of Action

76. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

77. Defendants have violated plaintiff's Eighth Amendment rights protected by the Prison Rape Elimination Act (PREA), enacted by Congress in 2003 with the purpose of preventing, addressing, and punishing sexual abuse in custodial settings.

### Twelfth Cause of Action

78. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

79. Defendants have violated the Federal Tort Claims Act (FTCA) that waives sovereign immunity for Correctional Officers who commit intentional tort against plaintiff while acting within the scope of their employment.

### Thirteenth Cause of Action

80. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

81. Defendants have violated plaintiff's rights guaranteed by the Cali-

fornia's Sexual Abuse in Detention Elimination Act (AB 550), Chapter 303. The Division of Adult Institutions in conjunction with several other divisions within CDCR has updated the policy to comply with the PREA Standards.

82. Wherefore, defendants are liable pursuant to California law.

### Fourteenth Cause of Action

83. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

84. Defendants have violated plaintiff's rights protected by California's Division of Adult Institutions' Department Operations Manual (DOM) Sections 52050.16.4 through 52050.16.6 and in DOM, Chapter 5, Article 44 to comply with the PREA Standards.

85. Wherefore, defendants are liable pursuant to California law.

### Fifteenth Cause of Action.

86. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

87. Defendants have violated plaintiff's rights protected by the California Welfare and Institutional Code Section 15630(a), a mandatory reporting laws that require certain individual, such as Correctional professionals in California to report cases of sexual abuse committed against children and vulnerable persons.

88. Wherefore, defendants are liable pursuant to California law.

### Sixteenth Cause of Action.

89. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaints.

90. Defendants have violated Title 15, California Corrections and Rehabilitations, Section 3401.6(c) Reporting Requirement which imposes a mandatory duty upon defendants who observes or who receives information from any source concerning staff sexual harassment shall immediately report the information or incident

PRISONER COMPLAINT
Page 14 of 17

directly to the Hiring Authority, unit supervisor, or highest ranking official on duty.

91. Wherefore, defendants are liable pursuant to California law.

### Seventeenth Cause of Action

92. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

93. Defendants have violated plaintiff's rights guaranteed by the California's Penal Code of the Civil Rights of Person in Custody, Vulnerable Persons Statutes that offer additional protections to special populations such as the mentally ill, cognitively or physically disabled, elderly, youthful inmates, inmates in treatment for any medical or mental health issues, and gender non-conforming inmates.

94. Wherefore, defendants are liable pursuant to California law.

### Eighteenth Cause of Action.

95. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

96. Defendants have violated plaintiff's rights protected by the California's Penal Code Sections 147 and 673 which imposes a mandatory duty upon defendants, and each of them to protect plaintiff's physical and mental well-being, and each of them to treat plaintiff fairly and humanely.

97. Wherefore, defendants are liable pursuant to California law.

### Nineteenth Cause of Action.

98. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

99. Defendants W.L. Muniz, R. Binkele, J. McCall, P. Sullivan, E. Medina, Lietke, Curiel, I. Pineda, M. Ortega, Jane Doe-1, DOE-2, Jane-Doe 3, and DOES 4-20, and each of them, or some among them did conspire and agree to deprive plaintiff of his constitutional rights as alleged herein, in violation of 42 U.S.C. Section 1983 and 1985.

## Twentieth Cause of Action

100. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs of this complaint.

101. Supervisory defendants have a duty to establish policies and procedures for the administration of Salinas Valley State Prison. Supervisory defendants have a duty to perform and execute their duties in a manner consistent with State and Federal law. Supervisory defendants have a duty to train and supervise subordinates employees.

102. Supervisory defendants were deliberately indifferent to the violations of plaintiff's rights described herein.

103. Supervisory defendants breached their duties to legally administer the prison and to train and supervise subordinates where plaintiff's rights were violated as a result of defendants acting in violation with Federal, State, and local law, to the extent supervisory defendants had actual and constructive knowledge of the violations and did nothing to prevent or correct them.

## V. Causation

As a direct and proximate result of the aforementioned acts and omissions on the part of defendants, plaintiff has suffered and continues to suffer general and special damages in an amount to be proven at trial. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of defendants unless the court grants the declaratory and injunctive relief which plaintiff seeks.

## VI. Prayer For Relief

WHEREFORE, plaintiff respectfully prays for the following relief:

1) A declaratory judgment that the defendants' acts and practices described herein violate plaintiff's rights as herein stated.

2) A preliminary and permanent injunction which prohibits and requires that defendants, their agents, employees, and successors: i) Cease the practices of search

PRISONER COMPLAINT
Page 16 of 17

ches (strip or visual cavity) by staff of the opposite gender, except in exigent circumstances; iii) Administratively and criminally discipline staff and other inmate who commit sexual abuse; iii) If the alleged victim is under the age of 18 or considered a vulnerable adult under a State or local vulnerable persons statute, the agency shall report the allegation to the designated State or local services agency under applicable mandatory reporting laws; and iv) Appoint a court monitor.

3) Compensatory damages of $250,000 from any defendant found to have intentionally denied plaintiff his rights.

4) Compensatory damages of $150 a day as a result of the sexual abuse plaintiff suffers from January 25, 2017 to present from the defendants jointly and severally.

5) Plaintiff's cost of suit.

6) For costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1983 and any other grounds authorized by law.

7) Trial by jury.

8) For further relief that the court deems just.


Respectfully submitted,

Tri Huynh #G46762


Dated: June 29, 2020

Exhibit: A

"USE AS ORIGINAL" "NOTE: Handwritten Copy" from O.I.G./P.L.O.

USE AS ORIGINAL

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region | Log #: SVSP-L- | Category: |
|---|---|---|---|
| 1708791   G46762 | SVSP | 03020 | 7 |

sexual misconduct.

FOR STAFF USE ONLY

You may appeal ... (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon ... bed method of departmental review/remedy available. See California Code of Regulations, Title ... must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (last, first): Huynh    Tri | CDC Number: G-46762 | Unit/Cell Number: B11 226 | Assignment: a.m Porter |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): PREA and Unethical Conducts by Staffs on 1/25/17, at 2:17 pm while FBI were having lower-tier day room. I was in my cell saying my devotional prayer. Then a female C/o in the tower opened my cell door. C/o Ortega and his partner C/o Pineda were at the front door. My cell, and I were

B. Action requested (If you need more space, use Section B of the CDCR 602-A): I am an individual with disabilities. And I've been sexually assulted, sexually abused, and sexually harassed by CDCR employees. The Federal Prison Rape Elimination Act (PREA) of 2003 drives all California Department

Supporting Documents: Refer to CCR 3084.3.

☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory, CDC 128-G, Classification Chrono):

1. Cell search receipt
2. CDCR 22 to A. Coordinators

☐ No, I have not attached any supporting documents. Reason: _____

REC BY OOA
AUG - 2 2017

(right margin handwritten):
claims he
was sexually
assaulted and
harassed by
officers
Ortega
and pineda

(NOTE: Handwritten)

| Inmate/Parolee Signature: T. Huynh | Date Submitted: 1/27/17 |
|---|---|

☒ TH   By placing my initials in this box, I waive my right to receive an interview.

C. First Level - Staff Use Only                    Staff - Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter) Date: _____
☒ Accepted at the First Level of Review.

Assigned to: M. Marcos    Title: SGT    Date Assigned: 6/6/17  Date Due: 6/7/17

First Level Responder: Complete a First Level response. Include interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____    Interview Location: _____

Your appeal issue is: ☒ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

| Interviewer: _____ (Print Name) | Title: _____ | Signature: _____ | Date completed: _____ |
| Reviewer: _____ (Print Name) | Title: _____ | Signature: _____ | |
| Date received by AC: _____ | | AC Use Only | |

REC BY OOA
SEP 26 2017

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

USE AS ORIGINAL

Side 1

1708791

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

(NOTE: Handwritten Copy)

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Huynh, Tri | G-46762 | B1/226 | a.m. Porter |

A.  Continuation of CDCR 602, Section A only (Explain your issue) _instructed to come out of our_
cell in our slippers, then stepped into Upper-B shower. Ortega slammed
shut the shower door, pointing and pouting, "Is this the guy. Is this
the guy!..." looking directly at me. "Take off your shirts", commanded
Ortega, while lo Lietke sat at the podium watching everything, and CCI
Curiel-standing in the front of her office, also observing. "Lift up your
nut sacs!... turn around!...bend over at the waist!...spread your
butt cheeks!... coughed! coughed!", demanded Ortega. "Put your clothes
on", his face flushed reds and a satisfy look, Ortega smiled at
me. Around 2:30 p.m., Ortega conferred with Pineda, then shouted
down to lo Lietke, "Lietke! Call program, tell them to shut dayroom
down!" Which Lietke did. Around 2:40 p.m.; "...dayroom recall", announ-
ced the female lo in the tower. Around 3:00 p.m., "Control! Open Upper-
B shower!", shouted Pineda. "Huynh, I'll give you a receipt later",
said Pineda. Around 7:00 p.m., "Here's your receipt. Where's your cellie at?
Does he wants us to search again? We can y knew", said Ortega, loiter-
ing in the front door, looking into our cell, searching me out like a
sexual deviant, then left to go into cell #228.

REC BY CCR
AUG - 2 2017

REC BY OOA
SEP 26 2017

(NOTE: Handwritten copy)

| Inmate/Parolee Signature: | Date Submitted: |
|---|---|
| | 1/27/17 |

B.  Continuation of CDCR 602, Section B only (Action requested): _of Corrections and Rehabilitation (CDCR) efforts to_
combat sexual abuse and sexual misconduct within our institutions." Furthermore, "in 2006,
CDCR implemented a PREA policy, to ensure compliance with Public Law 108-79, the Prison Rape
Elimination Act and the California version was known as the Sexual Abuse in Detention Elimination
Act (AB 550), Chapter 303". The Division of Adult Institutions," in conjunction with
several other divisions within CDCR has updated the policy to comply with the new PREA
standards. The changes made to the Department Operations Manual (DOM) have been ap-
proved and published. These changes can be found in DOM Sections 52050.16.4 through
52050.16.6 and in DOM, Chapter 5, Article 44." Therefore, I want to report an
allegation of sexual violence, staff's sexual misconduct, and sexual harassment. I've been
victimized and violated. The physical, mental, and psychological scars inflicted upon
me are the results from the collapse of this institution social order. I am suing for punitive and compensatory
damages.

| Inmate/Parolee Signature: | Date Submitted: |
|---|---|
| | 1/27/17 |

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 08/09)

**USE AS ORIGINAL**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____  Date Submitted: _____

E. Second Level - Staff Use Only

Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Second Level of Review

Assigned to: M. MAROZ  Title: SGT.  Date Assigned: 6/6/17  Date Due: 6/7/17

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: 6/1/17  Interview Location: B FAC.

Your appeal issue is:  ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other:
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: J. Wilson  Title: SGT  Signature: (sig)  Date completed: 6/1/17
Reviewer: (sig) Gonzales  Title: CDW(A)  Signature: (sig)

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant  JUN 07 2017

F. If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

On July 28, 2017, I received a CDC-128B (General Chrono/PREA Closure). I will attach it to the 602. The result of the conclusion of the inquiry was "unfounded". Unfounded allegation means an allegation that was investigated and determined to not have occurred occurred. But there were multiple witnesses to the January 25, 2017 incidents. Witnesses; Thao, Dylan #H49589; Gonzales, Daniel #K54446; Dhami, Amandeep #AZ0474; Hunter. These witnesses signed off on their

Inmate/Parolee Signature: (sig)  Date Submitted: 7/29/17

G. Third Level - Staff Use Only
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is  ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other:
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant  DEC 19 2017

Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

REC BY OOA  SEP 26 2017
REC BY OOA
AUG - 2 2017

Inmate/Parolee Signature

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

USE AS ORIGINAL

D.  Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

REC BY OOA
SEP 26 2017

REC BY OOA
AUG - 2 2017

Inmate/Parolee Signature: _____      Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): declarations to January 25, 2017 events. The Office of the Inspector Generals have those original declarations. An inquiry by the I.S.U., under the Salinas Valley State Prison administration raised questions about the circumstances of 1/25/17. The I.S.U concluded that the staffs didn't strip-searched me, unsupervised, and in front of other female staffs. Thus the %'s faced no consequences for their actions, and the peculiar activities of the %'s and its affiliates drew no serious governmental scrutiny. On June 26, 2017, with J.J. Ortega, Lieutenant, and J. McCall, Ass. Warden, as the reviewer, an CDCR-128B declared the investigation completed with regards to staffs sexual abused misconducts. It noted that this means that the suspects had been exonerated and that future action was ruled out. These staffs have egregiously gamed the system for years without being called to account the moral atmosphere of S.V.S.P.— and a growing list of revelations concerning improprieties, collisions, interferences should not have come as a surprise. Warning signs abounded in S.V.S.P. But, the best laid scheme of these mice and men often go awry. And I stand firm to my allegations. I am also attaching an original CDCR 22 dated 1/26/17 to further my allegation that the events of 1/25/17 took placed.

Inmate/Parolee Signature: _____      Date Submitted: 7/29/17

USE AS ORIGINAL

ATE OF CALIFORNIA
MATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
DCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) | (FIRST NAME) | CDC NUMBER: T-46762 | SIGNATURE: |
| HOUSING/BED NUMBER: B1/226 | ASSIGNMENT: a.m. Porter | HOURS FROM 5:00 TO 1:30 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): Log # to P.R.E.A. |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: _____ Feb. 11, 2017, I submitted a CDCR 602
with the title of heading "PREA and Unethical Conducts by CDCR
staffs". This original CDCR 602 was signed and dated on
1/27/17. What's the status of it? How come I haven't gotten
a Log #? What is the response from the Inmate Coordinators
office? A month had passed. What is wrong? More rejections?
More screened out? At least give me a response.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO: Appeals Coordinators Office    DATE MAILED: 3-12-17
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: T. Minerva | DATE: 3/12/17 | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
| IF FORWARDED – TO WHOM: Appeals Coordinator | DATE DELIVERED/MAILED: 3/12/17 | | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |

INTAKE UNIT

MAY 1 2017

OFFICE OF THE
INSPECTOR GENERAL

Distribution: Original - Return to Inmate/Parolee

USE AS ORIGINAL

INTAKE UNIT

MAY 1 5 2017

OFFICE OF THE
INSPECTOR GENERAL

Exhibit: B

CDCR 22 Form

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Huynh | Tri | G-46762 | Tri L |

| HOUSING/BED NUMBER: | ASSIGNMENT: | | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| B1/226 | a.m. Porter | HOURS FROM 0800 TO 1130 | Strip - Search |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

Yesterday, my cellie and I were strip searched: "lift up your nut sack, turn around, bend over at the waist, spread your butt cheeks, coughed!...", during the lower tier were having their dayroom. This comes at a time when %Fernandez interviewed the Appeal Coordinators. Coincidence? Or retaliation by your Office? What is this psychological games that may well go far beyond our fears of physical consequences? Why were we strip searched? Did it help to achieve the AC's objectives? Is this to stop me from my Appeal process of the law?

METHOD OF DELIVERY (CHECK APPROPRIATE BOX )    **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL:  ADDRESSED TO: Appeal Coordinators, B-Yard                     DATE MAILED: 1 /26/17

☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| I. Penrod | 1/29/17 | | (CIRCLE ONE)   YES   NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| Appeals Coordinator | 1/29/17 | (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| CCII E. MEDINA | 2/7/17 | | 2/7/17 |

Huynh - I am disappointed that you would think something like this. C/o Fernandez did not interview me; I didn't discuss anything about you to C/o Fernandez. My attempt to interview you was to assist you w/ your CDCR 1824. I would never retaliate

## SECTION C: REQUEST FOR SUPERVISOR REVIEW    or attempt to dissuade an

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

you from utilizing the CDCR 1824 or Appeals process. I have been an Appeals Coordinator for 11 years; I understand the importance of the process. if you believe misconduct has occurred, you may submit a staff complaint.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| my supervisor is AW J. McCall. | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Outgoing Legal Mail to Laura Graham dated: 2/28/17.

Exhibit: C

| DATE | CDC# | NAME | ADDRESSEE |
|---|---|---|---|
| 2/21/17 | G46762 | HUYNH | CHIEF IM APPLS CDCR SAC CA 94283 |
| 2/23/17 | G46762 | HUYNH | DISABILITY RIGHTS BERKELEY CA 94703 |
| 2/23/17 | G46762 | HUYNH | ATTY C TOTTEN ESQ LA CA 90010 |
| 2/24/17 | G46762 | HUYNH | PRISON LAW OFF SQ CA 94964 |
| 2/24/17 | G46762 | HUYNH | PRISON LAW OFFICE DONALD SPECTER, SAN QUENTIN, CA 94964 |
| 2/24/17 | G46762 | HUYNH | PRISON LAW OFFICE DONALD SPECTER, SAN QUENTIN, CA 94964 |
| 2/28/17 | G46762 | HUYNH | PRISON LAW OFFICE, LAURA GRAHAM, SAN QUENTIN, CA 94964 |
| 3/1/17 | G46762 | HUYNH | PLO L GRAHAM SQ CA 94964 |
| 3/3/17 | G46762 | HUYNH | CHIEF IM APPLS BRNCH CDCR SAC CA 94283 |
| 3/3/17 | G46762 | HUYNH | GOVT CLAIMS PROGRAM SAC CA 95812 |